FILED by ___ D.C.
ELECTRONIC

**Nov. 17, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:_____   **08-CV-61851-Lenard-Garber**

MAROLINE BORDEN AND WILLIAM )
BORDEN, )
                             )
      Plaintiffs, )
                             )
v. )
                             )
SAXON MORTGAGE SERVICES, INC., )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE FOR NATIXIS )
2007-HE2, MASTER FINANCIAL, INC., )
and ATLANTIC PIONEER MORTGAGE, )
INC. )
                             )
      Defendants. )

## NOTICE OF REMOVAL

**COME NOW** Defendants, Saxon Mortgage Services, Inc. ("Saxon") and Deutsche Bank National Trust Company ("Deutsche"), as Trustee for NATIXIS 2007-HE2 and by Saxon Mortgage as its servicing agent and attorney-in-fact (collectively, "Defendants"), through the undersigned counsel, and pursuant to 28 U.S.C. § 1331, §1367, and § 1441, as amended, and hereby give notice of the removal of this action to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. As grounds for this removal, Defendants state as follows:

1.      On or about July 21, 2008, Plaintiffs Marolie Borden and William Borden (collectively, "Plaintiffs") commenced a civil action against Saxon in the Circuit Court of the Seventeenth Judicial District in and for Broward County, Florida, alleging only a state law claim based on trespass in a three-page Complaint. Plaintiffs filed their Amended Complaint October

1

29, 2008. Plaintiffs filed a thirteen-count, twenty-five page amended complaint, asserting for the first time federal and state claims against Saxon and adding Deutsche, Master Financial, Inc. ("Master") and Atlantic Pioneer Mortgage, Inc. ("Atlantic") as defendants to the action. The Circuit Court of the Seventeenth Judicial District in and for Broward County, Florida, is a state court within this judicial district and division.

2.     A copy of "all process, pleadings, and other orders served upon [ ]defendants," is attached hereto as composite Exhibit "A".  28 U.S.C. § 1446(a).  There has been no other process, pleadings or orders served to date other than those contained in Exhibit A.

3.     This notice of removal is timely pursuant to 28 U.S.C. § 1446(b), which provides in pertinent part as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

4.     Thus, this notice of removal is timely because it is filed within thirty (30) days of the date upon which Plaintiffs filed their Amended Complaint, at which time the action first became removable, and because this removal was filed less than one (1) year after commencement of the action.

5.     This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal

2

under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b)     Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## I.     FEDERAL QUESTION

6.     As shown herein, this case is properly removable based on the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq. because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1331, as amended, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.     A case is deemed to arise under "the law that creates the cause of action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (*quoting American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 988 (4th Cir.), *cert. denied*, 498 US. 982 (1990); *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir.), *cert. denied*, 484 U.S. 850 (1987); *White v. Matthews*, 420 F. Supp. 882, 887 (D. S.D. 1976). Stated otherwise, a plaintiff's claim gives rise to federal jurisdiction if it is "founded directly upon federal law." *Robinson v. Wichita Falls & North Texas Community Action Corp.*, 507 F.2d 245, 249 (5th Cir. 1975).

8.     The face of Plaintiffs' Amended Complaint makes it clear that at least one of Plaintiffs' claims against Defendants is founded directly upon federal law, as Plaintiffs' Amended Complaint alleges that "[t]his transaction was governed by Federal Truth in Lending

Act 15 U.S.C. § 1601 et se[q]. ('TILA') and subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z. 226.23, amended in 1995 and 1996, respectively, and among other actions." (Amended Complaint, Count II, ¶ 68). Plaintiffs assert at least six different violations of TILA against Defendants. (Id. at Count II, ¶ 72(a)-(f)).

9.      As a result, there can be no question that at least one of Plaintiffs' claims against Defendants are founded directly upon TILA, 15 U.S.C. § 1601 *et seq.*, and, therefore, federal jurisdiction is proper. See 15 U.S.C. § 1640(e) (providing that federal courts have original jurisdiction over claims under TILA); see also American Exp. Co. v. Koerner, 452 U.S. 233, 239, 101 S.Ct. 2281, 2285 (1981) (stating the same).

10.     Plaintiffs also request relief against defendants Master and Atlantic for violations under the federal regulations of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), 12 C.F.R. § 34.45. (Amended Complaint, Count I, pp. 7-10).

11.     In addition, Plaintiffs have asserted the following claims: violation of the right to cancel; violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"); violation of Florida Statutes §§ 772.101-104 for pattern of criminal activity; intentional infliction of emotional distress; breach of fiduciary duty; violations involving senior citizens under Florida Statutes § 501.2077; conspiracy to commit fraud; fraud; rescission; and violation of the Florida Consumer Collection Practice Act, Florida Statutes § 559.72(7).

12.     Pursuant to 28 U.S.C. § 1367, Defendants request that the Court also take supplemental jurisdiction over these claims, particularly since the Florida legislature has declared that the purpose of FDUTPA is "[t]o make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection." FLA. STAT. §

501.202(3).  In fact, FDPTA has even been referred to as the "Little FTC Act."  See Crowell v.

Morgan Stanley Dean Witter Servs., 87 F. Supp. 2d 1287, 1294 (S.D. Fla. 2001).

## II.    OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

13.    This case is a civil action within the meaning of the Acts of Congress relating to

the removal of causes.

14.    A copy of this notice is being filed with the Clerk of the Circuit Court for the

Seventeenth Judicial District in and for Broward County, Florida, as provided under 28 U.S.C. §

1446.  Defendants are also giving prompt written notice to the Plaintiffs of the filing of this

Notice of Removal.

15.    As of the present date, defendants Master and Atlantic have not been served with

process and, therefore, their consent is not required.  See Paz v. Bonita Tomato Growers, Inc.,

920 F. Supp. 174, 175 (M.D. Fla. 1996); White v. Bombardier Corp., 313 F. Supp. 2d 1295,

1299 (N.D. Fla. 2004); Fuller v. Exxon, 78 F. Supp. 2d 1289, 1293, n.6 (S.D. Ala. 1999).

Consequently, all named and served defendants consent to and join in this removal.

**WHEREFORE**, defendants Saxon and Deutsche request that this Court take jurisdiction

of this action and issue all necessary orders and process to remove this action from the Circuit

Court of the Seventeenth Judicial District in and for Broward County, Florida, to the United

States District Court for the Southern District of Florida, Fort Lauderdale Division.

Respectfully submitted this 13th day of November, 2008.

Respectfully submitted,

_____

Christian W. Hancock (Florida Bar #: 0643521)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Attorney for Saxon Mortgage Services, Inc. and
Deutsche Bank National Trust Company, as
Trustee for NATIXIS 2007-HE2, with Saxon Mortgage
Services, Inc. as its servicing agent and attorney-in-fact

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2008, I filed the foregoing document with the Clerk of the Court via Federal Express. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via United States Mail, postage prepaid.

By: _____
　　　　Christian W. Hancock

1/1768985.1

7

## SERVICE LIST

| | |
|---|---|
| Robin Sommers, Esq.<br>The Ticktin Law Group, P.A.<br>600 West Hillsboro Blvd.<br>Suite 220<br>Deerfield Beach, FL  33441-1610 | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the United States Mail, postage prepaid and properly addressed this 13th day of November, 2008:

Robin Sommers, Esq.
The Ticktin Law Group, P.A.
600 West Hillsboro Boulevard
Deerfield Beach, Florida 33441-1610

_____
OF COUNSEL

3



# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### GENERAL JURISDICTION DIVISION

### CASE NO.:

0832629

MAROLIE BORDEN and
WILLIAM BORDEN,

          Plaintiff,

v.

SAXON MORTGAGE SERVICES, INC.,

          Defendant.

_____/

### SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
### ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
### CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A:        SAXON MORTGAGE SERVICES, INC.
                c/o CORPORATION SERVICE COMPANY
                701 BRAZOS STREET, SUITE 1050
                AUSTIN, TEXAS 78701

### IMPORTANT

    A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: 201 S.E. 6ᵗʰ Street, Second Floor, Fort Lauderdale, Florida 33301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

    **If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757



**EXHIBIT**

A

response to the party serving this summons:

ROBIN SOMMERS, ESQUIRE
THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD
SUITE 220
DEERFIELD BEACH, FLORIDA 33441-1610
(954) 570-6757

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Notice of Current Address, Florida Family Law Form 12.915.) Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 201 S.E. 6th Street, Second Floor, Fort Lauderdale, Florida 33301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direccion de la parte que entrega la orden de comparencencia:

Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of

2

the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.

Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. (Usted puede presentar el Formulario: Ley de Familia de la Florida 12.915, [Florida Family Law Form 12.915], Notificacion de la Direccion Actual [Notice of Current Address].) Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.

ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelacion automatica de documentos e informacion. El incumplimient, puede resultar en sanciones, incluyendo la desestimacion o anulacion de los alegatos.

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: 201 S.E. 6th Street, Second Floor, Fort Lauderdale, Florida 33301 Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom et adresse de la partie qui depose cette citation:

Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.

Il faut aviser le greffier de votre adresse actuelle. (Vous pouvez deposer Florida Family Law Form 12.915, Notice of Current Address.) Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.

ATTENTION: La regle 12.285 des regles de procedure du droit de la famille de la Floride exige que l'on remette certains renseignements et certains documents `a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la suppression d'un ou de plusieurs actes de procedure.

3

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: July 16ᵗʰ, 2008       JUL 18 2008

CLERK OF THE CIVIL COURT

By:_____
      Deputy Clerk

**4**

## VERIFIED RETURN OF SERVICE

**State of Florida**          **County of BROWARD**          **Circuit Court**

Case Number: _CC832629_

Plaintiff:
**MAROLIE BORDEN AND WILLIAM BORDEN,**
vs.
Defendant:
**SAXON MORTGAGE INC., D/B/A SAXON MORTGAGE SERVICES, INC.,**

For: Robin J. Sommers, Esq.,
     THE TICKTIN LAW GROUP, P.A.

Received by L.R.I. (Attorney's Support Services) on the 18th day of July, 2008 at 3:01 pm to be served on SAXON MORTGAGE SERVICES, INC., C/O CORPORATION SERVICE COMPANY, 701 BRAZOS STREET, SUITE 1050, AUSTIN, TX 78701. I, _Scott L. Thomas_, do hereby affirm that on the _21st_ day of _July_, 20_08_ at _3:39_ p.m., executed service by delivering a true copy of the **SUMMONS & COMPLAINT** in accordance with state statutes in the manner marked below:

( ) **PUBLIC AGENCY:** By serving _____ as _____ of
the within-named agency.

( ) **SUBSTITUTE SERVICE:** By serving _____ as _____

(X) **CORPORATE SERVICE:** By serving _Corporation Service Company_ as
_Registered Agent_   *

( ) **OTHER SERVICE:** As described in the Comments below by serving _____ as _____

( ) **NON SERVICE:** For the reason detailed in the Comments below.

**COMMENTS:** ___*___ _Designated Agent for Corporation Service Company_
_is Chris Hornsby — Single White Male, Blonde Hair, Blue_
_Eyes, Glasses, 5'8", 165 lbs, 30's, Not Military_

I certify that I am a Process Server over the age of eighteen, appointed in the County in which it was served, that I am in good standing and have no interest in the above action. Under penalties of perjury, I declare that I have read the forgoing instrument and the facts stated in it are true.          Pursuant to F.S. 92.525(2).
Notary not required. Date: _July 21, 2008_

PROCESS SERVER # _SCH-1334_
Appointed in accordance
 with State Statutes

L.R.I. (Attorney's Support Services)
7731 N.W. 6th Court
Pembroke Pines, FL 33024
(954) 986-8997

Our Job Serial Number: 2008006290

Copyright © 1992-2008 Database Services, Inc. - Process Server's Toolbox V6.2e



IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA



### GENERAL JURISDICTION DIVISION

CASE NO.:

MAROLIE BORDEN and
WILLIAM BORDEN,

           Plaintiff,

v.

SAXON MORTGAGE SERVICES, INC.,

           Defendant.

_____/

0832629

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY

The Plaintiffs, MAROLIE BORDEN and WILLIAM BORDEN, (hereinafter the "BORDENS"), by and through their undersigned attorneys, hereby file and serve their Complaint for Damages and Demand for Jury against SAXON MORTGAGE SERVICES, INC. (hereinafter "SAXON"), and states:

1. This is an action for damages in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees.

2. The BORDENS are individuals residing in Broward County, Florida and are otherwise *sui juris*.

3. SAXON is a business located in Texas and does business in Florida.

4. Venue is appropriate in Broward County, Florida because the cause of action arose in Broward County, Florida, and the property that is the subject of this action is located in Broward County, Florida.

5.     The BORDENS are the owners of property located at 9401 NW 5th STREET, Pembroke Pines, Florida 33024.

6.     Master Financial, Inc. is listed as the lender on the mortgage.

7.     SAXON describes itself as a debt collector.

8.     On or about July 17, 2008, the BORDENS discovered an agent for SAXON trespassing on the BORDENS property.

9.     This agent was taking photographs of the property for purposes of harassment.

10.    The agent did not have permission from the BORDENS to be on the property. The BORDENS never gave any such permission.

11.    SAXON's conduct is violative of § 559.72, Florida Statutes.

12.    Regarding debt and collections, and pursuant to § 559.72(7), Florida Statutes,

    [N]o person shall ... willfully engage in ... conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

13.    SAXON's conduct was willful, in that SAXON's employee was willfully on the property, and was willfully engaging in its harassing conduct.

14.    SAXON should have reasonably expected that said conduct of its agent would be considered by the BORDENS to be of a harassing nature.

15.    As a result, the Plaintiffs suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,

2

loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing and the Plaintiffs will suffer the losses in the future.

16.    As a direct result of the Defendant's conduct, and for the purposes of this lawsuit, the BORDENS have been forced to retain the law office of The Ticktin Law Group, P.A.,  and have agreed to pay a reasonable fee for the services of the firm.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment in excess of $15,000 plus any interest to which the Plaintiff is entitled, costs, and attorneys' fees, pursuant to applicable statutes, and such further relief as this Court may deem just and proper.  The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

THE TICKTIN LAW GROUP, P.A.
Attorneys for the Plaintiffs
600 West Hillsboro Boulevard
Suite 220
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
Fax: (954) 570-6760

ROBIN SOMMERS
FLORIDA BAR NO. 0018699

3

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

17 of 53

**Schronk, Rebekah SFW**

| | |
|---|---|
| **From:** | sop@cscinfo.com |
| **Sent:** | Tuesday, July 22, 2008 10:41 AM |
| **To:** | Schronk, Rebekah SFW |
| **Subject:** | Notice of Service of Process |

# Corporation Service Company ®

*CSC SameDay SOP and CSC PowerBrief clients, click here to receive and view your Service of Process documents now.*
*For more information on instant access to your SOP, click Sign Me Up.*

**NOTICE OF SERVICE OF PROCESS**

Transmittal Number: 5919860
Date: 07/22/2008

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| **Entity:** | Saxon Mortgage Services, Inc. |
| **Entity I.D. Number:** | 0633333 |
| **Entity Served:** | Saxon Mortgage Services, Inc. |
| **Title of Action:** | Marolie Borden vs. Saxon Mortgage Services, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court:** | Broward County Circuit Court, Florida |
| **Case Number:** | 0832629 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/21/2008 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Plaintiff's Attorney:**
Robin Sommers
954-570-6757

**Primary Contact:**
Nicole Orr
Saxon Mortgage Services Inc.

7/23/2008

**Copy of transmittal only provided to:**
Renae Cobb
Crystal Hannah
Robert Duval
William Schneider
Rebekah Schronk
Michelle Humphrey

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

Please visit www.incspot.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

**2711 Centerville Road   Wilmington, DE 19808**
**(888) 690-2882   |   sop@cscinfo.com**

7/23/2008

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 062008CA032629AXXXCE

MAROLIE BORDEN and
WILLIAM BORDEN,

        Plaintiff,

v.

SAXON MORTGAGE SERVICES, INC.,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR NATIXIS
2007-HE2, MASTER FINANCIAL, INC., and
ATLANTIC PIONEER MORTGAGE, INC.

        Defendants.

_____/



A TRUE COPY

OCT 20 2008

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

The Plaintiffs, MAROLIE BORDEN and WILLIAM BORDEN, (hereinafter the "BORDENS"), by and through their undersigned attorneys, hereby file and serve their Amended Complaint for Damages and Demand for Trial by Jury against SAXON MORTGAGE SERVICES, INC. (hereinafter "SAXON"), DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NATIXIS 2007-HE2 (hereinafter "DEUTSCHE"), MASTER FINANCIAL (hereinafter "MASTER"), and ATLANTIC PIONEER MORTGAGE (hereinafter, "PIONEER"), and state:

### Common Allegations - The Parties

1.    This is an action for damages in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

20 of 53

CASE NO.: 062008CA032629AXXXCE

2.    The BORDENS are individuals residing in Broward County, Florida and are otherwise *sui juris*.

3.    SAXON is a Texas corporation that carries on business in Broward County, Florida.

4.    DEUTSCHE is a California corporation that carries on business in Broward County, Florida.

5.    MASTER FINANCIAL is a California corporation licensed to do business in Florida, that carried on business in Broward County, Florida.

6.    ATLANTIC PIONEER MORTGAGE is a Florida corporation that carries on business in Broward County, Florida.

7.    Venue is appropriate in Broward County, Florida because the cause of action arose in Broward County, Florida, and the property that is the subject of this action is located in Broward County, Florida.

8.    The BORDENS are the owners of property located at 9401 NW 5th Street, Pembroke Pines, Florida 33024 (hereinafter the "Property").

9.    PIONEER assisted the BORDENS in securing a $300,000.00 loan, to be secured by a mortgage (hereinafter the "Mortgage") on the Property.

10.    MASTER is listed as the funding lender on the Mortgage.

11.    DEUTSCHE claims that it presently owns and holds the Mortgage note and Mortgage.

12.    SAXON describes itself as a debt collector.

2

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

21 of 53

CASE NO.: 062008CA032629AXXXCE

## General Factual Allegations

13.    This matter arises from the improvident actions of several financial firms, that put profits above all else.

14.    The same firms are partly responsible for the mortgage meltdown crisis the nation is experiencing today.

15.    It was not, as one might suspect, from the interest on the loans that the financial firms made their money. Some financial institutions realized that they could make more money by selling the loans on the secondary market. That is, the loans would be made by the originating lender and broker, and then would be sold to institutions, which would then, in turn, and with great efficiency, package the loans, cut them up, and sell them to investors.

16.    In some cases, the greed and desire to turn the "quick buck," outpaced the supply of loans. To keep up with the demand, the financial institutions "forward sold" loans. That is, the institution would sell loans that it had not yet made.

17.    This put increased pressure on the brokers, by the lending institutions, to make the loans that the lenders wanted. That is, the brokers knew what numbers they had to make, and would be rewarded handsomely when they closed the right loans, so that they could then be bundled with others to secure a bond or other device that could then be sold.

18.    This meant that homeowners desirous of refinancing, and prospective homeowners desirous of a loan which would get them the keys to their very first house, could get financing. The gate keepers, the brokers and the banks, had swung the doors

3

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

22 of 53

CASE NO.: 062008CA032629AXXXCE

open, and the unsuspecting homeowners unwittingly walked right into the trap.

19. Because the brokers knew what numbers the lenders had to make, which formed a type of quota, the brokers took to making unscrupulous loans. They would put people in houses that the people could not afford. And they would charge exorbitant costs for items associated with the loans.

20. Because the lenders needed the loans (as the loans were already sold), they overlooked the fact that the loans were problematic.

21. After witnessing the huge sums of money they could garner via their illicit acts, the firms became blinded by greed.

22. Some firms made these loans knowing full well what they were doing and still did not care. Others made loans that would be risky for the homeowner, but justified it to themselves by saying that the homeowner could simply refinance before the prices associated with the loan kicked in.

23. It was only a matter of time before the firms' reach would grow.

24. But then the credit markets dried up, all but freezing lending as it was known.

25. Because of what those firms, and the Defendants did, the nation today faces a crisis of calamitous proportions; foreclosure filings are at all-time highs, and the number of otherwise unsuspecting homeowners about to lose their homes may be only a harbinger of what may come.

26. Arguably, one of the worst parts of the crisis is the number of people who are on the verge of becoming homeless.

27. The BORDENS are but one family caught in the frenzy that was occurring

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

CASE NO.: 062008CA032629AXXXCE

before the crash.

28.    Because of what was done to them, the BORDENS are now one of those families facing a foreclosure action where the Plaintiff is demanding eviction.

29.    Marolie and William BORDEN are senior citizens. Marolie is 61 and William is 68.

30.    William, a former career ocean-going tanker captain, is retired.

31.    Marolie, a woman who by all accounts should be readying herself for retirement, does not now feel retirement is in sight. Marolie presently continues to work.

32.    The two have lived in the home at 9401 NW 5th Street since 1989.

33.    Assisted by PIONEER, on or about September 21, 2006, the BORDENS executed and delivered a promissory note (hereinafter the "NOTE") and a mortgage (hereinafter the "MORTGAGE"), to MASTER.

34.    In their initial conversations, PIONEER explained to BORDEN that the loan would be of the 2/28 variety, with an interest rate of 8.5%. The loan BORDEN ended up receiving is a 30-year loan, with an interest rate of 9.6%.

35.    In attempting to procure the loan, Marolie BORDEN stated to PIONEER her monthly income and provided to PIONEER pay stubs for verification.

36.    However, the income and employment verification listed on BORDEN's loan closing documents is not hers; the forms state that she had another job and made a different amount of money, altogether.

37.    PIONEER altered this information because the real numbers provided by Marolie BORDEN would not have been sufficient for her loan. That is, with BORDEN's real

5

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

24 of 53

CASE NO.: 062008CA032629AXXXCE

income, her debt to income ratio would have been over 100%. Acceptable debt to income

ratios should not exceed 55% of debt versus income.

38.     Having provided the income and employment information, BORDEN had no

idea, and no reason to suspect, that the forms would indicate information that was not

hers.

39.     In reviewing their documents since the closing of the loan, the BORDENS

have discovered many anomalies and inconsistencies.

40.     In their packet of documents, there are several Truth in Lending Disclosure

forms.

41.     Additionally, there are two different loan applications, each with different

information; that is, the two different loan applications contain different income figures and

employment histories for Marolie BORDEN.

42.     Marolie BORDEN was rushed through the closing process, as the documents

were not explained to her. This is evidenced by the fact that the actual closing did not take

more than 10 minutes.

43.     Also enclosed in the closing packet is a form titled "Statement of Non-

Rescission." BORDEN signed this form at closing.

44.     The form states that the loan was not canceled and it gave the title company

authorization to fund the loan. Florida law requires a three day "cooling off" period, in place

to allow the prospective borrower time to review all the documentation.

45.     BORDEN believed that by signing this document, she waived her right to

cancel the loan. The form is misleading.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

CASE NO.: 062008CA032629AXXXCE

46.     BORDEN should have signed the document upon the funding date, but the form is dated September 26th, and it was signed at closing, on September 21, 2006.

47.     As a consequence of the improper loan, the BORDENS now face foreclosure. They have been unable to make the payments required under the terms of the loan. The income generated by Marolie and shared by the BORDENS is not enough to cover their expenses.

48.     Because of the breach of fiduciary duty, fraud, and other violations of law, the BORDENS are presently upon the precipice of homelessness.

49.     As a direct result of the Defendants' conduct, and for the purposes of this lawsuit, the BORDENS have been forced to retain the law office of The Ticktin Law Group, P.A., and have agreed to pay a reasonable fee for the services of the firm. The Plaintiffs have complied with all conditions precedent to the bringing of this action.

### COUNT I - Violation of FIRREA

50.     The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

51.     MASTER, SAXON, and DEUTSCHE are lending institutions and are regulated by and under the regulations of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA).

52.     FIRREA Public Law Number 101-73 seeks to maintain the independence and competence of the appraisal and evaluation process in mortgage lending transactions.

53.     MASTER represented to the Plaintiffs that it was a federally regulated entity

7

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

26 of 53

CASE NO.: 062008CA032629AXXXCE

and that it was in compliance with the laws and regulations thereunder.

54.    MASTER represented itself as FDIC insured. This statement alone indicated to the BORDENS that the institution was healthy and compliant with all federal regulations.

55.    MASTER's representations and statements caused the BORDENS to believe that laws and regulations would be followed and relied upon these practices and operations of MASTER.

56.    MASTER, through its employees and agents, was aware or should reasonably been aware of the federal regulations and guidelines necessary to generate secured loans.  Otherwise, the lending institution would not have been able to claim the appropriate regulation.

57.    MASTER, through its agent PIONEER, violated FIRREA regulations when it obtained the appraisal on the property while completing the mortgage transaction.  12 CFR § 34/45 requires that the appraiser shall have no direct or indirect interest, financial or otherwise, in the property or the transaction.

58.    Interagency Appraisal and Evaluation Guidelines, October 1994, promulgated by the bank and thrift regulatory agencies created under FIRREA require the appraisal process "should be isolated from influence by the institution's loan production process. An appraiser ... should be independent of the loan ... and have no interest, financial or otherwise, in the property or the transaction."

59.    The appraisal was ordered and certified by PIONEER, which is not an independent party to the transaction, as required by FIRREA.

60.    The appraisal has over $30,000 in adjustments, and the comparables were

8

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

27 of 53

in superior shape than the subject property, the BORDENS' home.

61.     The representations made by PIONEER and MASTER were false and in truth the facts were intended to deceive and encourage the BORDENS to accept the procedures of PIONEER and MASTER as compliant with FIRREA and the regulations and rules that flow therefrom.  The BORDENS relied on these representations and would have rejected the services of PIONEER and MASTER if they had known PIONEER's and MASTER's operations were not compliant and the valuation of the property was determined fraudulently.

62.     The representations so made were known by PIONEER and MASTER to be false when made and were made with intent to deceive and defraud the BORDENS and to induce the BORDENS to reasonably rely on the statements and the omissions of the lending institution because the lender held itself out as regulated and therefore subject to be complaint with laws and guidelines.

63.     Due to the BORDENS' inexperience, or corrupt influences of MASTER and PIONEER, BORDEN relied on the legality and propriety of the valuation and completed the purchase of the loan based on it.

64.     The property was valued at an incorrect value or the means by which the value was obtained was illegal.

65.     The BORDENS suffered an amount of damages equal to an "overvaluation" amount, which is the difference between the amount paid for the property on the date of purchase and the actual value of the property on that date.

66.     The BORDENS suffered damages in "excess mortgage payments."  This is

9

CASE NO.: 062008CA032629AXXXCE

the amount which is the difference between the mortgage payments the BORDENS have paid up to the time of cessation of the payments and the amount of the mortgage payments the BORDENS would have paid for the same time period if the property had been financed at its actual value, rather than an inflated value.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment against PIONEER and MASTER of compensatory damages, damages based on the value of the lost opportunity cost of the valuation, the excess closing costs in the amount of over valuation, Costs, any interest to which the Plaintiffs are entitled, and such further and other relief as this Court may deem just and proper. The Plaintiffs demand a trial by jury on all issues so triable.

## COUNT II - Violation of Federal Truth in Lending Act

67. The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

68. This transaction was governed by Federal Truth in Lending Act 15 U.S.C. § 1601 et sea. ("TILA") and subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z. 226.23, as amended in 1995 and 1996, respectively, and among other sections.

69. The BORDENS were provided with false information which was violative of TILA, and they have the right to rescind the loan from the original lender.

70. The original lender, MASTER, was in the business of extending consumer credit in Broward County, Florida.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

CASE NO.: 062008CA032629AXXXCE

71.     At and about the closing of the loan, the BORDENS were provided with several different Truth in Lending forms, each filled out with different numbers. Presumably, this was to confuse the unsophisticated borrowers.

72.     In the course of the consumer credit transaction and the collection efforts that followed, MASTER, PIONEER, and SAXON failed to deliver all material disclosures required by TILA and Regulation Z including the following:

> a.     Failing to clearly and accurately disclose the amount financed using that term in violation of Reg. Z 226.18(b) and §1638(a)(2)(A);
>
> b.     Failing to clearly and accurately disclose the finance charge using that term in violation in Reg. Z 226.4, 226.18 and §1638(a)(3);
>
> c.     Failing to clearly and accurately disclose the annual percentage rate (including any variable feature disclosure) using that term in violation of Reg. Z 226.18(e) and § 1638(a)(4);
>
> d.     Failing to properly disclose the number, amounts, and timing of payments scheduled to repay the obligation, in violation of Reg. Z 226.18(g) and § 1638(a)(6);
>
> e.     Failing to clearly and accurately disclose the total of payments using that term in violation of Reg. Z 226.18)h) and § 1638 (a)(5);
>
> f.     Misdisclosure of any variable rate feature, which TILA treats as part of the annual percentage rage disclosure, gives the consumer a new limitation for damages. Failing to clearly and accurately describe any variable feature violates Reg. Z 226.17(c)(1) and Reg. Z. 226.18(f),

11

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

CASE NO.: 062008CA032629AXXXCE

Reg Z 226.19 and Reg Z 226.20. Each rate change is considered a new transaction and gives rise to a new damage claim, a new statute of limitations and the right to rescind.

73.    The failure to properly disclose prior to consummation of the transaction is an additional TILA violation. As a result of the afore described violations of TILA and Reg. Z, pursuant to 15 U.S.C., 1635(a) and 1635(l) and 1640(a) and (e), MASTER, PIONEER, SAXON, and DEUTSCHE are liable to the BORDENS for rescission of this transaction, termination of any security interest in their residence created under this transaction, return of any property or money given by the BORDENS to anyone, including any assignee and/or originator, in connection with this transaction, twice the finance charge in connection with the transaction in an amount not less than $200.00 and for each rate change a separate statutory damage, the right to any proceeds to vest in the BORDENS, actual damages in an amount to be determined at trial, prejudgment interest on all amounts, and reasonable attorneys fees.

74.    The BORDENS have the continuing right to rescind the transaction until the third business day after they receive the notice described above and all material disclosures described above pursuant to 15 U.S.C., 1635(a), Reg. Z 226.15(a)(3), and hereby exercise the right to rescind.

75.    DEUTSCHE must take any action necessary and appropriately reflect termination of the alleged security interest created under this transaction, including the mortgage and note required by 15 U.S.C., 1635(b), and Reg Z 226.23(d)(2).

76.    MASTER, PIONEER, SAXON, and DEUTSCHE must return to the

12

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

31 of 53

CASE NO.: 062008CA032629AXXXCE

BORDENS any money or property given by the BORDENS to anyone including its purported assignee as required by 15 U.S.C., 1635(b), and Reg Z. 226.23(d)(2).

77.    In the alternative, the BORDENS' obligation to tender has now been terminated by MASTER, PIONEER, SAXON, and DEUTSCHE's refusal to comply with 15 U.S.C., 1635(b) and Reg. Z 226.23(d)(1-4).

WHEREFORE, the BORDENS ask this Honorable Court for a Judgment against MASTER, PIONEER, SAXON, and DEUTSCHE, and to order an accounting under the mortgage and note of all money collected and paid out by the lender and/or its assignors, restore and/or return any and all overpayments made by the BORDENS and/or improperly paid out by the lender and/or their assignors, and award costs and reasonable attorneys fees to the BORDENS, and such other and further relief as this Court may deem just and proper. The Plaintiffs demand a jury trial on all issues so triable.

## COUNT III - Violation of Right To Cancel

78.    The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

79.    Enclosed in the closing packet is a form titled "Statement of Non-Rescission." BORDEN signed this form at closing.

80.    The form states that the loan was not canceled and it gave the title company authorization to fund the loan.

81.    Florida law requires a three day "cooling off" period, in place to allow the prospective borrower time to review all the documentation.

13

The Ticktin Law Group, P.A.
600 West Hillsboro Boulevard, Suite 220, Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757

32 of 53

CASE NO.: 062008CA032629AXXXCE

82.    BORDEN believed that by signing this document, she waived her right to cancel the loan.  The form is misleading.

83.    BORDEN should have signed the document upon the funding date, but the form is dated September 26th, and it was signed at closing, on September 21, 2006.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment against PIONEER of compensatory damages, costs, any interest to which the Plaintiffs are entitled, and such further and other relief as this Court may deem just and proper.  The Plaintiffs demand a trial by jury on all issues so triable.

## COUNT IV - Violation of Florida's Deceptive and Unfair Trade Practices Act

84.    The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

85.    The Plaintiffs are "consumer[s]" as defined by § 501.203(7), Florida Statutes (Florida's Unfair and Deceptive Trade Practices Act, or FDUTPA).

86.    The Defendants have engaged in "Trade or Commerce" as that term is defined in § 501.203(8), Florida Statutes.

87.    The Defendants are in the business of facilitating the lending of monies and the lending of monies.

88.    The NOTE and MORTGAGE are evidence of the fact that the BORDENS procured the loan by securing the obligation with their house.

89.    The Defendants engaged in a pattern of false, deceptive, and misleading representations that had the effect of defrauding consumers into applying for loans from

14

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

33 of 53

CASE NO.: 062008CA032629AXXXCE

the Defendants in the mistaken belief that PIONEER was offering mortgage loans and mortgage refinancing at economically attractive rates that would result in substantial savings to the consumer.

90. The Defendants' violation and/or failure to provide the Plaintiff with clear, conspicuous, and accurate material disclosure regarding all charges associated with the subject mortgage loan; and as set forth herein, the Defendants' engagement in other actions constitute an unfair and deceptive business practice under FDUTPA.

91. By changing the terms of the loan, at the closing table, the acts committed by the Defendants offend public policy, and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. Apart from the individual damage done to the Plaintiffs, when a bad actor conducts business in such a manner, public confidence in the commercial system is eroded.

92. The unfair and deceptive trade practices of the Defendants are not only injurious to the Plaintiff, but injurious to society as a whole. Unsuspecting consumers should not ever have to fall victim to the unscrupulous business practices of untrustworthy businesses.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment of compensatory damages, plus any interest to which the Plaintiffs are entitled, costs, and attorneys' fees, pursuant to § 501.2105 and § 501.211 Florida Statutes, The Florida Unfair and Deceptive Trade Practices Act, and such other and further relief as this Court may deem just and proper. The Plaintiffs demand a jury trial on all issues so triable.

15

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

34 of 53

CASE NO.: 062008CA032629AXXXCE

## COUNT VI - Violation of Florida Statutes §§ 772.101-104
## Pattern of Criminal Activity

93.     The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

94.     The prohibited acts committed by the Defendants are enumerated in Florida Statutes § 772.102(22), and relate to fraudulent practices, false pretenses, and fraud generally, as detailed in Chapter 817, Florida Statutes.

95.     One need only read the newspaper to learn of a multitude of additional cases that are similar in nature.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment against PIONEER, MASTER, SAXON, and DEUTSCHE of compensatory damages, treble damages pursuant to § 772.104, Florida Statutes, costs, any interest to which the Plaintiffs are entitled, attorneys' fees pursuant to § 772.104, Florida Statutes, and such further and other relief as this Court may deem just and proper.  The Plaintiffs demand a trial by jury on all issues so triable.

## COUNT VII - Intentional Infliction of Emotional Distress

96.     The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

97.     It is clear that the Defendants' conduct was intentional, or in the alternative, reckless.  At the very least, the conduct of the Defendants was negligent.

98.     The Defendants' conduct was outrageous.

99.     The Defendants' conduct caused severe emotional distress.

16

CASE NO.: 062008CA032629AXXXCE

100.   The Plaintiffs suffered severe emotional distress.

101.   Furthermore, the Defendants are liable for physical harm resulting from severe emotional distress.

102.   Because of the extreme stress he was under when faced with the possibility of losing his home, William BORDEN has since 17suffered a heart attack and required medical and hospital attention.

103.   The Defendants did not consider whether the BORDENS would be able to afford the loan.

104.   The stress of the possibility of losing their home has caused dramatic hardship for the BORDENS.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment against PIONEER, MASTER, SAXON, and DEUTSCHE of compensatory damages, costs, any interest to which the Plaintiffs are entitled, and such further and other relief as this Court may deem just and proper.  The Plaintiffs demand a trial by jury on all issues so triable.

## COUNT VIII - Breach of Fiduciary Duty

105.   The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

106.   There are certain positions in society that are requiring of utmost care.

107.   One of those positions is as a fiduciary.

108.   A fiduciary owes the person to whom they are a fiduciary a heightened duty.

109.   A fiduciary must not engage in self-dealing.  This means that a fiduciary, if

17

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

36 of 53

CASE NO.: 062008CA032629AXXXCE

given the opportunity, must put his fiduciary's needs above his own.

110.   A broker is considered a fiduciary to the borrower.  As such, the broker has an obligation to make a full and accurate disclosure of the terms of the loan.

111.   At the very least, the broker should refrain from obtaining any advantage over the borrower.

112.   MASTER encouraged PIONEER to place the BORDENS in a loan with an interest rate higher than that for which they could qualify, as well as a prepayment penalty obligation.  In return, MASTER would financially reward PIONEER's brokers.

113.   This system of compensation aided and abetted PIONEER in breaching its fiduciary duties to the BORDENS by inducing the BORDENS to accept unfavorable loan terms without full disclosure of the BORDENS' options, and also compensated PIONEER beyond the reasonable value of the brokerage services it rendered.

114.   Here, PIONEER breached its fiduciary duty to the BORDENS by engaging in self-dealing; that is, PIONEER was looking out for its own interests, instead of looking out for the BORDENS.

115.   The BORDENS fully believed that the broker was looking out for their best interests.  It became evident to the BORDENS, after the closing of the loan, that they were set up for failure.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment against PIONEER and MASTER of compensatory damages, costs, any interest to which the Plaintiffs are entitled, and such further and other relief as this Court may deem just and proper. The Plaintiffs demand a trial by jury on all issues so triable.

18

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

37 of 53

CASE NO.: 062008CA032629AXXXCE

## COUNT IX - Consumer Protection
## Violations Involving Senior Citizens § 501.2077

116.   The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

117.   As defined by statute, a senior citizen is a person 60 years of age or older.

118.   Florida Statutes, § 501.2077(2) states:

> Any person who ... has willfully used a method, act, or practice in violation of this part, which method, act, or practice victimizes or attempts to victimize senior citizens ... and commits such violation when she or he knew or should have known that her or his conduct was unfair or deceptive, is liable for a civil penalty of not more than $15,000 for each such violation.

119.   The Defendants have willfully victimized the BORDENS, who are senior citizens.

120.   The Defendants knew or should have known that their conduct was unfair and/or deceptive.

121.   The Defendants are thereby liable for a civil penalty for their violations of the above statute.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment against PIONEER, SAXON, MASTER, and DEUTSCHE of a penalty of $15,000 against the Defendants, costs, any interest to which the Plaintiffs are entitled, and such further and other relief as this Court may deem just and proper. The Plaintiffs demand a trial by jury on all issues so triable.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

CASE NO.: 062008CA032629AXXXCE

## COUNT X - Conspiracy to Commit Fraud

122.    The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

123.    The Defendants were part of a common scheme or plan, which sole purpose was to defraud the Plaintiffs of their home and of exorbitant amounts of interest generated by the loan.

124.    The Defendants participated in a full-scale venture to induce innocent homeowners, such as the BORDENS, to borrow funds at exaggerated rates and with negative terms, such as prolonged prepayment penalties, for the purpose of deriving great profits.  The scheme was one where the Defendants were aware that the negative terms were in the loan.

125.    MASTER, SAXON, and DEUTSCHE aided, abetted, counseled, commanded, induced, and procured the commission of predatory lending practices through their knowingly financing the predatory lending of PIONEER.

126.    All of the acts and practices herein alleged were wilfully committed by and willfully engaged in by the Defendants, together with their officers, directors, owners, operators, employees, agents, and other representatives of the Defendants, with the knowledge of and at the direction of the Defendants.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment against PIONEER, MASTER, SAXON, and DEUTSCHE of compensatory damages, costs, any interest to which the Plaintiffs are entitled, and such further and other relief as this Court may deem just and proper.  The Plaintiffs demand a trial by jury on all issues so triable.

20

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

39 of 53

CASE NO.: 062008CA032629AXXXCE

### COUNT XI - Fraud

127.   The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

128.   PIONEER intentionally made false statements to the BORDENS with the intention and for the purpose of having the BORDENS rely on its false statements.

129.   The BORDENS did so rely on the false statements, to their detriment, in that they received a loan, which was secured by their home.

130.   PIONEER made the fraudulent representations for the purpose of inducing the Plaintiffs to purchase the loan, so that PIONEER could profit from the sale of the loan.

131.   The representations were made by PIONEER and it knew them to be false at the time the representations were made.

132.   The false representations were that:

     a.     The interest rate would be 8.5%; and

     b.     The loan was a good product for the BORDENS; and

     c.     The BORDENS would be able to pay off the loan; and

     d.     The BORDENS would be able to refinance the loan.

133.   PIONEER has defrauded the BORDENS of their home.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment against PIONEER, MASTER, SAXON, and DEUTSCHE of compensatory damages, costs, any interest to which the Plaintiffs are entitled, and such further and other relief as this Court may deem just and proper. The Plaintiffs demand a trial by jury on all issues so triable.

21

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

40 of 53

CASE NO.: 062008CA032629AXXXCE

## COUNT XII - Rescission

134.   The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

135.   The BORDENS received the loan and gave the mortgage on their property due to their reliance upon fraudulent representations made by PIONEER, which statements were made for the sole purpose of inducing payments by the BORDENS.

136.   The BORDENS relied on the false representations of PIONEER that the loan was a good one for them.

137.   The BORDENS have contacted SAXON and demanded a modification of the loan terms.

138.   To date, the Plaintiffs have not received a modification of the loan terms.

139.   The Plaintiffs should not have to restore any benefit to the Defendants.  The Plaintiffs secured the loan by using their home as collateral, and in return expected that they would receive a loan for which they were qualified.

140.   By reason of the loan transaction set forth above, the Plaintiffs and Defendants entered into a contract for a loan and pledged a security interest in the property by way of a mortgage as collateral for the loan.

141.   By reason of the facts set forth above, such conduct constitutes fraud and entitles the Plaintiffs to rescission of the mortgage and cancellation of the security interest and mortgage on the property.

142.   Rescission of the contract is fair and equitable and not unduly harsh on the

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

CASE NO.: 062008CA032629AXXXCE

Defendants.

143.   No other adequate remedy exists at law.

WHEREFORE, the Plaintiffs ask this Honorable Court to enter a Judgment for Rescission against PIONEER, MASTER, SAXON, and DEUTSCHE and award to the Plaintiffs their monies already paid toward repayment of the loan, plus any interest to which the Plaintiffs are entitled, costs, and such further and other relief as this Court may deem just and proper.  The Plaintiffs demand a trial by jury on all issues so triable.

## COUNT XIII - Violation of Florida Statutes § 559.72
## Florida Consumer Collection Practices Act

144.   The Plaintiffs aver the allegations made in Paragraphs 1 through 49 and allege them as though they are fully restated in this Count.

145.   On or about July 17, 2008, the BORDENS discovered an agent for SAXON trespassing on the BORDENS property.

146.   This agent was taking photographs of the property for purposes of harassment.

147.   The agent did not have permission from the BORDENS to be on the property. The BORDENS never gave any such permission.

148.   SAXON has made many attempts to collect on the consumer debt it alleges is owed by the BORDENS.

149.   SAXON's conduct is violative of § 559.72, Florida Statutes.

150.   Regarding debt and collections, and pursuant to § 559.72(7), Florida Statutes,

23

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

42 of 53

CASE NO.: 062008CA032629AXXXCE

> [N]o person shall ... willfully engage in ... conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

151.   SAXON's conduct was willful, in that SAXON's agent was willfully on the property, and was willfully engaging in its harassing conduct.

152.   SAXON's agent announced that he was at the house by the direction of SAXON.

153.   Knowing full well that SAXON had on many other occasions attempted to collect an alleged debt from the BORDENS, SAXON should have reasonably expected that said conduct of its agent would be considered by the BORDENS to be of a harassing and abusive nature.

154.   The taking of the photographs, coupled with the announcement that the agent was there on behalf of SAXON, is precisely the type of harassment that § 559.72, Florida Statutes, seeks to prevent.

155.   As a result, the Plaintiffs suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiffs will suffer the losses in the future.

WHEREFORE, the Plaintiffs ask this Honorable Court for a Judgment against SAXON in excess of $15,000 plus any interest to which the Plaintiff is entitled, costs, and attorneys' fees, pursuant to applicable statutes, and such further relief as this Court may

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

CASE NO.: 062008CA032629AXXXCE

deem just and proper.  The Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

hand delivered and sent by U.S. Mail this 29th day of October, 2008, to **ANN T.**

**TAYLOR,** Bradley Arant Rose & White, LLP, One Federal Place, 1819 Fifth

Avenue North, Birmingham, Alabama.

THE TICKTIN LAW GROUP, P.A.
Attorneys for the Plaintiffs
600 West Hillsboro Boulevard
Suite 220
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
Fax: (954) 570-6760

ROBIN SOMMERS
FLORIDA BAR NO. 0018699

25

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

44 of 53



IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAROLIE BORDEN AND WILLIAM          )    Case No. 0832629 (09)
BORDEN,                             )
                                    )    Division: General Jurisdiction
            Plaintiffs,             )
                                    )
v.                                  )
                                    )
SAXON MORTGAGE SERVICES, INC.,      )
                                    )
            Defendant.              )

## DEFENDANT SAXON MORTGAGE SERVICES, INC.'S
## MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF

**COMES NOW**, defendant Saxon Mortgage Services, Inc. ("Saxon Mortgage"), by and

through its undersigned counsel, and pursuant to Fla. R. Civ. P. 1.140(b)(6), hereby files its

Motion to Dismiss and Memorandum in Support Thereof. Saxon Mortgage states the following:

## I.
## INTRODUCTION

On or about July 21, 2008, Plaintiffs Marolie Borden and William Borden (collectively,

"Plaintiffs") filed the above-styled action asserting that Saxon Mortgage violated the Florida

Consumer Collection Practices Act (the "FCCPA"), Florida Statutes Section 559.72(7).

Plaintiffs' sole fact in support of their claim is that they allegedly discovered an agent of Saxon

Mortgage taking photographs of their property. (Complaint, ¶¶ 8-9). Saxon Mortgage's alleged

conduct, even if true, is not actionable under Florida Statute Section 559.72(7). For these

reasons, and pursuant to Florida Rule of Civil Procedure 1.140(b)(6), Saxon Mortgage hereby

respectfully requests the Court to dismiss it with prejudice from the above-styled lawsuit.

1/1 736578.1                              1

## II.
## LEGAL STANDARD

Under Florida law, a motion to dismiss filed pursuant to Florida Rule of Civil Procedure 1.140(b)(6) "is designed to test the sufficiency of a complaint and not to determine any factual issues." *The Florida Bar v. Greene*, 926 So. 2d 1195, 1199 (Fla. 2006). "All allegations of the complaint must be taken as true and all reasonable inferences drawn therefrom must be construed in favor of the non-moving party." *Id.  See also Felder v. Dept. of Mgmt. Servs., Div. of Retirement*, 2008 WL 351049, *1 (Fla. 1st DCA February 11, 2008).

## III.
## ARGUMENT

"Florida is a fact-pleading jurisdiction, not a notice-pleading jurisdiction." *Deloitte & Touche v. Gencor Industries, Inc.*, 929 So. 2d 678, 681 (Fla. 5th DCA 2006).  Accordingly, "[a] complaint must allege the ultimate facts, which if established by competent evidence, would support a decree granting the relief sought by the pleading." *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1075 (Fla. App. 5th DCA 2008).

Plaintiffs seek recovery pursuant to Florida Statute Sections 559.72(7), which provides the following:

> **In collecting consumer debts, no person shall:**
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

FLA. STAT. § 559.72(7) (emphasis added).  Plaintiffs' Complaint fails to assert that Saxon Mortgage's alleged conduct was "in collecting consumer debts," as specifically required under the statute.

In addition, Saxon Mortgage's alleged conduct, even if accepted as true, and assuming it was performed for the purpose of collecting a consumer debt, is not actionable under Florida Statute Section 559.72(7).   Defendant is not aware of any Florida state or federal case that contemplates that the taking of photographs of a house could constitute a violation of Section 559.72(7).    Nearly every case interpreting Section 559.72(7) dealt with alleged abusive communications by a debt collector, such as the use of abusive language on the telephone or harassment of the debtor by virtue of the frequency of the communications. *See, e.g., Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st DCA 2007) (plaintiff alleged that the debt collector spoke in a willfully abusive manner); *Story v. M. Fields, Inc.*, 343 So. 2d 675 (Fla. App. 1977) (debt collector initiated over 100 calls in five weeks to debtor and telephoned debtor at his home, residences of other family members, and his business places).

In sum, Plaintiffs' complaint does not state a claim under Florida Statute Section 559.72(7) and, therefore, this Court should dismiss Plaintiffs' claim against Saxon Mortgage with prejudice.

WHEREFORE, based upon the foregoing, Saxon Mortgage respectfully requests this Court to dismiss this action with prejudice. A proposed order is attached hereto as Exhibit A.

Respectfully submitted this 8th day of August, 2008.

_D. Brian O'Dell_ (Florida Bar No. 0659665)
Ann T. Taylor (Florida Bar No. 37228)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Attorneys for Saxon Mortgage Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the United States Mail, postage prepaid and properly addressed this 8th day of August, 2008:

Robin Sommers, Esq.
The Ticktin Law Group, P.A.
600 West Hillsboro Boulevard
Deerfield Beach, Florida 33441-1610

OF COUNSEL

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAROLIE BORDEN AND WILLIAM   )  Case No.  0832629
BORDEN,                                  )
                                     )  Division:  General Jurisdiction
      Plaintiffs,           )
                                   )
v.                                 )
                                 )
SAXON MORTGAGE SERVICES, INC.,   )
                                 )
      Defendant.

## ORDER

     This matter having come before the Court on Defendant Saxon Mortgage Services, Inc.'s

Motion to Dismiss and Memorandum in Support Thereof, it is hereby

     **ORDERED AND ADJUDGED**

     That the Motion is GRANTED.  Saxon Mortgage Services, Inc. is hereby dismissed <u>with</u>

prejudice from the above-styled lawsuit.

     Done and ordered in Chambers in Fort Lauderdale, Florida, this _____ day of _____,

2008.

                                 _____

                                 HONORABLE JUDGE



IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAROLIE BORDEN AND WILLIAM       )   Case No. 0832629 (09)
BORDEN,                          )
                                 )   Division: General Jurisdiction
        Plaintiffs,              )
                                 )
v.                               )
                                 )
SAXON MORTGAGE SERVICES, INC.,   )
                                 )
        Defendant.               )

## NOTICE OF HEARING ON DEFENDANT SAXON MORTGAGE SERVICES, INC.'S MOTION TO DISMISS

Defendant Saxon Mortgage Services, Inc. ("Saxon Mortgage"), by and through its undersigned counsel, hereby gives notice that its Motion to Dismiss[1] is set for hearing before Judge Robert Andrews on Wednesday, October 29, 2008 at 11:00 a.m. (EDT).

D. Brian O'Dell (Florida Bar No. 0659665)
Ann T. Taylor (Florida Bar No. 37228)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Attorneys for Saxon Mortgage Services, Inc.

---

[1] Defendant filed its Motion to Dismiss and Supporting Memorandum on August 11, 2008.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the United States Mail, postage prepaid and properly addressed this 24th day of September, 2008:

Robin Sommers, Esq.
The Ticktin Law Group, P.A.
600 West Hillsboro Boulevard
Deerfield Beach, Florida  33441-1610

OF COUNSEL

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

I. CASE STYLE

(Name of Court) CIRCUIT COURT

Petitioner: MAROLIE BORDEN and WILLIAM BORDEN

Case No.:

0832629

vs.

Judge: _____

Respondent: MASTER FINANCIAL, INC. and SAXON MORTGAGE INC., d/b/a SAXON MORTGAGE SERVICES, INC.,

II. TYPE OF CASE (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| [ ] Simplified Dissolution | [ ] Professional Mal-practice | [ ] Contracts |
| [ ] Dissolution | [ ] Products liability | [ ] Condominium |
| [ ] Support -IV-D | [ ] Auto negligence | [ ] Rent property/ Mortgage fore-closure |
| [ ] Support -Non IV-D | [ ] Other negligence | [ ] Eminent domain |
| [ ] URESA-IV-D | | [X] Other |
| [ ] URESA-Non IV-D | | |
| [ ] Domestic violence | | |
| [ ] Other domestic relations | | |

III. Is Jury Trial Demanded in Complaint?

[x] Yes          [ ] No

DATE: July 18, 2008

SIGNATURE OF ATTORNEY FOR PARTY INITIATING ACTION

ROBIN SOMMERS, ESQUIRE
600 West Hillsboro Boulevard, Suite 220
Deerfield Beach, Florida 33441-1610
(954) 570-6757

C:\Documents\1-CLIENTS Foreclosure Defense\Borden\Civil Cover Sheet.wpd

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Maroline Borden and William Borden

**DEFENDANTS**
Saxon Mortgage Services, Inc., Deutsche Bank National Trust Company, as Trustee for Natixis 2007-HE2, Master Financial, Inc., and Atlantic Pioneer Mortgage, Inc.

**(b)** County of Residence of First Listed Plaintiff    Broward County, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Tarrant County, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Robn Sommers, Esq.
The Ticktin Law Group, P.A.
600 West Hillsboro Blvd., Suite 220
Deerfield Beach, FL 33441-1610
954-570-6757

Attorneys (If Known)
Christian W. Hancock, Esq.
Bradley Arant Rose & White LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35204-2104
205-521-8800

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

*0:08 CV 61851-Lenard Gonzler*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an X in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Malpractice | ☐ 625 Drug Related Seizure of | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 330 Federal Employers' | Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Liability | ☐ 368 Asbestos Personal Injury | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 340 Marine | Product Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational | | ☐ 480 Consumer Credit |
| Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Safety/Health | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | ☐ 355 Motor Vehicle Product Liability | ☒ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | | Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity.)
Brief Description of cause: based upon Truth in Lending Act, 15 U.S.C. Section 1601 et seq.

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND in excess of $15,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE  11/13/08
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  544678    AMOUNT  350 00    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

53 of 53