UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61851-CIV-LENARD/GARBER

MAROLIE BORDEN and
WILLIAM BORDEN,

    Plaintiffs,

v.

ATLANTIC PIONEER
MORTGAGE, INC., et al.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference of U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received the plaintiffs Marolie and William Borden's Motion for Entry of Final Default Judgment [DE 36], and held a hearing on the matter. After the hearing, the Court directed plaintiffs to file a supplement to Marolie Borden's affidavit [DE 45] and deliver a copy of the Bordens' second mortgage to chambers. For the reasons set forth below, the undersigned respectfully recommends that plaintiffs motion for entry of default judgment against Atlantic Pioneer Mortgage (Pioneer) be GRANTED in the amount of $123,547.06.

In their complaint, the Bordens accused defendant Pioneer of having submitted fraudulent documents to procure the Bordens' loan. Specifically, they allege that Pioneer changed the income and employment verification information that the Bordens provided so that they would qualify for a larger loan. As a result, the Bordens received a second mortgage they cannot afford and are now

1

threatened with foreclosure. In short, Pioneer's activities are of the type that has brought our economy to the brink of ruin.

Pioneer was served a copy of the complaint and did not respond. On December 30, 2008, the clerk entered a default against Pioneer [DE 30]. The matter is before this Court to determine what damages the Bordens have suffered.

The Bordens argue that they "have suffered the detriment of the difference between what was owed on the first mortgage and what was owed on the second mortgage, which equals a difference of $128,270.09." [DE 36 ¶6] Quite simply, this does not make sense as a measure of damages. The Bordens received $128,270.09 when they took out a second mortgage. Whether they have spent it is irrelevant for the purposes of damages.

The appropriate measure of damages is, instead, the difference between the loan they received and the loan they were promised. The two loans differ in the amount of interest that must be paid over the life of the loan.

The Bordens received a $300,000, 30 year mortgage with a 9.6% fixed-rate, which results in monthly payments of $2,544.48. The total interest to be paid over the life of the loan is $616,012.80.[1]

Pioneer promised the Borden's a $300,000, 30 year mortgage with a fixed interest rate of approximately 8 to 8.5% [DE 45 ¶14]. The Court will use a rate of 8% when determining the obligations of this loan because it results in monthly payments closer to the $1,800 the Bordens were

---

[1] Monthly payment multiplied by number of months less the principle, or (2,544.48 x 360) - 300,000.

promised.[2] To determine the monthly payments, the Court must solve the following equation:

$$M = P[i(1+i)^n] / [(1+i)^n - 1]$$

Where M is the monthly payments; P is the principle; n is the number of months in the mortgage; and $i$ is the monthly interest. The monthly payment at 8% is $2,201.29. The total interest to be paid over the life of this loan would have been $492,465.74.

The difference in interest payments between the loan the Bordens received and the loan they were promised is $123,547.06. The Bordens are entitled to this amount in damages.

Accordingly, the undersigned respectfully RECOMMENDS that Borden's motion for entry of final default judgment against Atlantic Pioneer Mortgage, Inc. be GRANTED in the amount of $123,547.06. Any claim for attorneys' fees and costs must be filed as a separate motion.

The parties have ten days from the date of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge Joan A. Lenard. See 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED in Miami, Florida this 19th day of February, 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

---

[2] In her affidavit, Marolie Borden attests that she was promised monthly payments of approximately $1,800 [DE 45 ¶ 14]. For this to have been the case, the loan's interest would have needed to be about 6%.

3