UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61851-CIV-LENARD/GARBER

MAROLIE BORDEN and
WILLIAM BORDEN,

    Plaintiffs,

v.

MASTER FINANCIAL INC.,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received plaintiffs Marolie and William Borden's Motion for Entry of Final Default Judgment as to defendant Master Financial, Inc. [DE 75].  After due consideration, the Court respectfully recommends that the Bordens' Motion be GRANTED.

On September 21, 2006, the Bordens refinanced their home.  They received a $300,000, 30-year mortgage with a 9.6% fixed interest rate.  These were not the terms they had agreed upon.  Moreover, these were terms they clearly could not afford.  Investigation revealed that Atlantic Pioneer Mortgage, Inc. had falsified the Bordens' documents to procure a larger loan than for which they would have been approved.  Unable to make their payments, and threatened with foreclosure, the Bordens sued a number of defendants.

The Court has already entered a default judgment against the broker, Atlantic Pioneer Mortgage Inc., in the amount of $123,547.06 – the difference, over the life of the mortgage, between

1

the loan they were promised and the loan they received. The lender, Master Financial Inc. is next to be considered.

Master Financial Inc. was served with a copy of the Bordens' complaint. It never responded, and, on February 4, 2009, the clerk entered a default against it. As a result of the default, Master Financial "admits . . . plaintiff's well-pleaded allegations of fact." Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

The Bordens allege that Master Financial colluded with Atlantic Pioneer to incorrectly appraise the Borden's house so they would qualify for a larger loan. The Bordens also allege that Master Financial violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., by failing to make all relevant disclosures. Additionally, the Bordens allege Master Financial colluded with Atlantic Pioneer to procure a loan that the Bordens could not afford and to falsely represent the actual terms of the loan.

Notwithstanding allegations in the complaint, any damages the Court awards must have a "sufficient basis" in fact. Nishimatsu Const. Co. Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). The Court finds that there is a sufficient basis to award the difference between the loan the Borden's were promised and the loan they received, or $123,547.06, in damages. Accordingly, the Court respectfully recommends that the Bordens' Motion for Entry of Final Default Judgment against Master Financial Inc. be GRANTED in the amount of $123,547.06, for which Master Financial Inc. and Atlantic Pioneer Mortgage shall be jointly and severally liable.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Joan A. Lenard. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.

<u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 28th day of July 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE