UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61851-CIV-LENARD/GARBER

**MAROLIE BORDEN and WILLIAM BORDEN**,

    Plaintiffs,
v.

**SAXON MORTGAGE SERVICES, INC., et al.**,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION IN LIMINE (D.E. 135)

**THIS CAUSE** is before the Court on Defendants Saxon Mortgage Services, Inc. ("Saxon") and Deutsche Bank National Trust Company's ("Deutsche"), as Trustee for NATIXIS 2007-HE2, (collectively "Defendants") Motion in Limine ("Motion," D.E. 135), filed on November 30, 2009. On December 17, 2009, Plaintiffs Marolie and William Borden ("Bordens") filed their response in opposition ("Response," D.E. 140), to which Defendants file their reply ("Reply," D.E. 144) on December 23, 2009. Having considered the Motion, Response, Reply, related pleadings, and the record, the Court finds as follows.

On or about July 18, 2008, the Bordens commenced this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. On October 29, 2008, the Bordens filed an Amended Complaint ("Complaint," D.E. 17) alleging: (1) violations of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989

("FIRREA") (against Master Financial and Atlantic Pioneer); (2) violations of the Truth in Lending Act ("TILA") (against all defendants); (3) violation of the right to cancel (against Atlantic Pioneer); (4) violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (against all defendants); (5) violations of Florida's civil Racketeer Influenced and Corrupt Organization ("RICO") statute (against all defendants); (6) intentional infliction of emotional distress (against all defendants); (7) breach of fiduciary duty (against Master Financial and Atlantic Pioneer); (8) violations of FLA. STAT. § 501.2077, Florida's senior citizen consumer protection statute (against all defendants); (9) conspiracy to commit fraud (against all defendants); (10) fraud (against all defendants); (11) rescission (against all defendants); and (12) violations of Florida's Consumer Collection Practices Act ("FCCPA") (against Saxon).  On November 17, 2008, Defendants removed this action to federal court. (See Notice of Removal, D.E. 1.)  The same day, Defendants also filed their Answer to the Complaint.  (See Answer, D.E. 4.)  On August 11, 2009, with leave from the Court and with the consent of the Bordens, Defendants filed an Amended Answer and Counterclaim, asserting counterclaims for breach of contract, fraud, and negligent misrepresentation against the Bordens.  (See "Counterclaim," D.E. 89.)  On September 28, 2010, the Court granted summary judgment in favor of Defendants as to all of Plaintiffs' claims in the Amended Complaint and denied as moot various motions related to Plaintiffs' proposed expert witness Marlowe Moreland.  Thus, only Defendants' counterclaims for breach of contract, fraud, and negligent misrepresentation remain for trial.

2

Defendants' Motion seeks to preclude the Bordens from presenting any testimony or evidence regarding: (1) the Bordens' lack of employment; (2) the mortgage crisis in general; (3) the default judgments entered against defendants Atlantic Pioneer Mortgage, Inc. ("Atlantic Pioneer") and Master Financial, Inc. ("Master Financial"); (4) any discovery disputes between the parties; (5) inadmissible hearsay or speculative testimony; (6) the current financial worth of Defendants and any parent company; and (7) any other lawsuits involving Defendants.[1]

In response, the Bordens assert that evidence regarding their lack of employment is necessary to their claims for intentional infliction of emotional distress and those claims under the Florida Consumer Collection Practices Act. The Bordens also argue that evidence of the mortgage crisis is relevant to their RICO claims and establishing a pattern of criminal activity. They assert it is also relevant to their claims for compensatory and exemplary damages and the evidence is now "common public knowledge." The Bordens contend the default judgments entered against Master Financial and Atlantic Pioneer are "two pieces of the puzzle that are demonstrative of the BORDENS claim of the pattern of criminal activity." (Response at 5.) They argue that evidence of discovery disputes is necessary to show the jury the Defendants' efforts to frustrate their pursuit of justice. The Bordens argue that testimony from Moreland regarding her interview with Mark Lyon, an employee or former employee

---

[1] The Motion additionally requests the Court preclude the Bordens from making any arguments or requests that the jury "put themselves in their place." (Motion at 6-7.) The Bordens do not oppose this request. (Response at 10.)

3

of Atlantic Pioneer, is admissible as non-hearsay and because their expert relied upon it. Moreover, the Bordens argue evidence regarding the financial status of the Defendants is relevant to their claims for punitive damages. Finally, the Bordens argue evidence of other lawsuits filed against Defendants is relevant to show the Defendants' pattern of criminal activity.

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Only relevant evidence is admissible under Rule 402. Finally, pursuant to Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The Court finds the Bordens' arguments are without merit. As an initial matter, as Defendants have been granted summary judgment as to all of Plaintiffs' claims against them, the majority of the reasons for the evidence offered by the Bordens are no longer pertinent. All of the categories of evidence that are the subject of Defendants' Motion are irrelevant to Defendants' counterclaims against the Bordens. The evidence referenced is additionally cumulative, unduly prejudicial, hearsay, and/or a waste of time. Accordingly, consistent with this Order, it is **ORDERED AND ADJUDGED** that the Defendants' Motion in Limine (D.E. 135), filed on November 30, 2009, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of September, 2010.

_Joan A. Lenard_
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**