# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

FILED by  MC  D.C.
ELECTRONIC
APR 20 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

For rules and forms visit
www.ca11.uscourts.gov

April 20, 2012

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 11-12836-FF
Case Style: Marolie Borden, et al v. Saxon Mortgage Services, Inc., et al
District Court Docket No: 0:08-cv-61851-JAL

The enclosed judgment is hereby issued as the mandate of this court.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Janet K. Spradlin
Phone #: (404) 335-6178

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 11-12836
_____

District Court Docket No.
0:08-cv-61851-JAL

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2012
JOHN LEY
CLERK

MAROLIE BORDEN,
WILLIAM BORDEN,

    Plaintiffs - Appellants,

versus

SAXON MORTGAGE SERVICES, INC.,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
As Trustee for Natixis 2007-HE2,
MASTER FINANCIAL INC.,
ATLANTIC PIONEER MORTGAGE INC.,

    Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: March 21, 2012
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate:
April 20, 2012

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12836
Non-Argument Calendar
_____

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| MARCH 21, 2012 |
| JOHN LEY |
| CLERK |

D. C. Docket No. 0:08-cv-61851-JAL

MAROLIE BORDEN,
WILLIAM BORDEN,

                                                Plaintiffs-Appellants,

versus

SAXON MORTGAGE SERVICES, INC.,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
As Trustee for Natixis 2007-HE2,
MASTER FINANCIAL INC.,
ATLANTIC PIONEER MORTGAGE, INC.,

                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 21, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Marolie and William Borden appeal the district court's dismissal without prejudice of Saxon Mortgage Services, Inc., and Deutsche Bank National Trust Company's (Appellees) counterclaims against the Bordens alleging breach of contract, fraud, and negligent misrepresentation. The Bordens raise two issues on appeal. They assert (1) the dismissal of the counterclaims should have been with prejudice based on the requirements of Federal Rule of Civil Procedure 13, and (2) the dismissal without prejudice did not meet the requirements of Federal Rule of Civil Procedure 41. After review,[1] we affirm the district court.

The Bordens filed a thirteen-count Complaint in state court against Atlantic Pioneer Mortgage, Inc., Master Financial, Inc.,[2] and Appellees. The Bordens' Complaint arose out of a dispute regarding the mortgage on their home. Appellees removed the action to federal court based on diversity jurisdiction. Appellees answered the Complaint, and filed counterclaims. Appellees then moved for summary judgment on the Complaint, and the district court granted summary

---

[1] Although we generally hold that voluntary dismissals granted without prejudice and without further condition are not final, appealable judgments, that rule does not apply here as the dismissal without prejudice was not an attempt to manufacture a final judgment to pursue an immediate appeal. *See Equity Inv. Partners, LP v. Lenz*, 594 F.3d 1338, 1342 n.2 (11th Cir. 2010) (explaining the purpose of the rule is to prevent a party from voluntarily dismissing its remaining claims without prejudice after a non-final adverse district court order has been entered in order to manufacture a final judgment).

[2] The district court entered a default judgment against Atlantic Pioneer Mortgage, Inc. and Master Financial, Inc. because both parties failed to answer the Bordens' Complaint.

judgment in favor of Appellees on all claims.[3] After summary judgment was granted, the counterclaims were still outstanding. The district court ordered mediation on the counterclaims, but it was unsuccessful. After the unsuccessful mediation, the Appellees filed a Notice of Dismissal of counterclaims without prejudice. In the Notice, Appellees stated they "no longer wish to prosecute their counterclaims against [the Bordens]," and requested the dismissal "be without prejudice so as to preserve any future claims or defenses that the parties may wish to later assert in the foreclosure action" pending in state court. The district court then dismissed the counterclaims without prejudice. After the dismissal, the Bordens filed a response in opposition to Appellees' dismissal without prejudice, asserting if there was any dismissal, it should be with prejudice as the counterclaims were compulsory and they had filed a response to the counterclaims. The Bordens filed a contemporaneous motion for rehearing on the dismissal without prejudice as they did not stipulate to the dismissal, and objected to the dismissal without prejudice. The district court denied the Bordens' motion for rehearing.

We reject the Bordens' arguments. It is irrelevant whether Appellees' counterclaims were compulsory, as nothing in Rule 13 prevents a party from

---

[3] The Bordens do not appeal the grant of summary judgment on their Complaint.

voluntarily dismissing compulsory counterclaims when there are no claims remaining from the original Complaint. Rule 13(a) "was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." *Southern Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962). The purpose of litigating compulsory counterclaims in the same action is for judicial economy. *See Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1253 n.9 (11th Cir. 1998). Here, there are no other remaining issues from the Complaint, and the Bordens point to no specific discovery conducted on these counterclaims, so judicial economy is not affected by dismissing the counterclaims without prejudice.

Further, the Bordens' arguments regarding Rule 41 focusing on subsections (a)(1)(A), and (c), are not relevant to a dismissal by court order. These rules pertain to voluntary dismissals without a court order. Rule 41(a)(2) applies to dismissals by court order, and therefore applies here. We conclude the district court did not "abuse its broad discretion in allowing" Appellees to dismiss voluntarily their action against the Bordens without prejudice under Rule 41(a)(2). *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001). Although the Bordens claim they are suffering prejudice by this case being dismissed without prejudice, the Bordens point to no extensive discovery

4

conducted on these counterclaims, even though trial was pending.  Additionally, the Bordens' claim that Appellees voluntarily dismissed their counterclaim in order to avoid an adverse ruling is meritless.  In dismissing the counterclaims without prejudice, the district court accepted the Appellees' contention that they "no longer wish[ed] to prosecute their counterclaims against [the Bordens]," and agreed that "the dismissal of their counterclaims be without prejudice so as to preserve any future claims or defenses that the parties may wish to later assert in the foreclosure action."  These reasons are sufficient for the dismissal of the counterclaims, and we cannot say the district court abused its discretion in the dismissal of Appellees' counterclaims without prejudice.

    **AFFIRMED.**